**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAMES HARNAGE,<br><br>Plaintiff,<br><br>v.<br><br>COLLEEN GALLAGHER *et al.*,<br><br>Defendants. | | 3:25-CV-1487 (SFR) |

## ORDER CONVERTING TRO INTO PRELIMINARY INJUNCTION

Plaintiff James Harnage brings this action as a self-represented individual serving a sentence of incarceration in the custody of the Connecticut Department of Correction ("DOC"). This court has already entered a Temporary Restraining Order ("TRO"), ECF No. 87. Although Defendants have had notice and opportunity to object to the TRO, including the opportunity to conduct an evidentiary hearing, Defendants have confirmed they do not wish to proceed to an evidentiary hearing and consent to converting the TRO into a preliminary injunction. ECF No. 87.

To obtain a preliminary injunction, a plaintiff must "make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In the Second Circuit, a party who seeks to alter the status quo ante—that is, the status that existed before the dispute between the parties arose—must demonstrate "a clear or substantial likelihood of success on the merits." *N. Am.*

*Soccer League v. U.S. Soccer Fed'n*, 883 F.3d 32, 37-38 (2d Cir. 2018) (citing *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)).

For the reasons stated in my opinion granting Harnage's motion for TRO, ECF No. 80, I conclude that Harnage has demonstrated a likelihood of success on the merits on his Eighth Amendment excessive force and ADA claims. I similarly conclude that Harnage has met his burden to establish he will be irreparably harmed absent a preliminary injunction. Moreover, I find that the preliminary injunction I will issue satisfies the Prison Litigation Reform Act's requirement that it be narrowly drawn, extend no further than necessary to correct the harm identified, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2)). Although I am obligated to give "substantial weight" to any adverse impact this injunction may cause the criminal justice system, *see id.*, Defendants have not articulated any way in which this preliminary injunction would hazard prison administration or public safety.

## I. <u>PRELIMINARY INJUNCTION</u>

Accordingly, it is HEREBY ORDERED that Defendants Quiros and Guadarrama, their officers, agents, employees, and any other persons who are in active concert or participation with them are ENJOINED from applying black-box restraints while transporting James Harnage, Connecticut DOC Inmate Number 149472. Defendants SHALL ENSURE that this restriction is reflected and remains reflected in Harnage's face-sheet for the duration of this litigation. This preliminary injunction shall remain in effect for the duration of this litigation.

As the record before the Court includes no suggestion that Defendants will incur monetary harm as a result of this order, the Court finds that no security is warranted. Fed. R. Civ. P. 65(c).

On or before September 11, 2026, Defendants' counsel shall serve this order on Defendants Quiros and Guadarrama.

**SO ORDERED.**

New Haven, Connecticut
September 9, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge